```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE MID-ATLANTIC     :
REGIONAL COUNCIL OF CARPENTERS
PENSION FUND, et al.             :

                                 :
     v.                              Civil Action No. DKC 22-2614
                                 :

QUALITY LOGISTICS &              :
INSTALLATION
                                 :
```

**MEMORANDUM OPINION**

Pending before the court is a motion for default judgment filed by Plaintiffs Trustees of the Mid-Atlantic Regional Council of Carpenters Pension Fund, Trustees of the Mid-Atlantic Regional Council of Carpenters Health Fund, Trustees of the Mid-Atlantic Regional Council of Carpenters Annuity Fund, Trustees of the United Brotherhood of Carpenters International Training Center, Trustees of the Mid-Atlantic Carpenters Training Center, Board of the Construction Industry Advancement Program, Trustees of the Carpenters Contractor Trust, and Eastern Atlantic States Regional Council of Carpenters. For the reasons that follow, Plaintiffs' motion will be granted, with a partial dismissal of Count Two, without prejudice.

**I.   Background**

Plaintiffs Mid-Atlantic Regional Council of Carpenters Pension Fund, Mid-Atlantic Regional Council of Carpenters Health

Fund, Mid-Atlantic Regional Council of Carpenters Annuity Fund, and Mid-Atlantic Carpenters Training Center Fund together comprise the "Benefit Fund Plaintiffs."  They are benefit plans governed by the Employment Retirement Income Security Act of 1974 ("ERISA"). The Trustees are fiduciaries of the Funds.  They are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust.  The Funds are offered to employers through collective bargaining agreements.

The Construction Industry Advancement Program ("CIAP") is a program established under the collective bargaining agreements with the Council.  The Carpenters Contractor Trust Fund and the United Brotherhood of Carpenters International Training Center Fund ("ITC Fund") are labor-management cooperation committees provided for in Section 302(c)(9) of the Labor-Management Relations Act and Section 6 of the Labor-Management Cooperation Act.  The CIAP, the Carpenters Contractor Trust Fund, and the United Brotherhood of Carpenters International Training Center Fund are collectively referred to as the "Industry Funds."  The Eastern Atlantic States Regional Council of Carpenters ("Council") is an unincorporated labor organization.

Plaintiffs allege in their complaint that Defendant Quality Logistics & Installation is bound to the terms of the Collective Bargaining Agreement between it and the Council under which Defendant agreed to pay certain sums of money to Plaintiffs for

each hour worked by Defendant's employees.  (ECF No. 16-3, p. 71). Defendant agreed to submit remittance reports to the Benefit Fund Plaintiffs listing the hours worked by each covered employee monthly.  Plaintiffs assert that Defendant submitted remittance reports for the months November 2021 through May 2022 but failed to pay contributions associated with those reports.  Further, Defendant failed to submit reports or pay contributions for the months of May 2022 through August 2022.[1]  Plaintiffs seek a judgment against Defendant for contributions, liquidated damages, interest on late contributions, attorneys' fees and costs associated with collecting the referenced contributions.

Defendant was served by private process through its resident agent on November 16, 2022.  When Defendant failed to respond timely, the Plaintiffs moved for clerk's entry of default (ECF No. 11) which was granted February 13, 2023, (ECF No. 12).  Plaintiffs filed a motion for default judgment on July 31, 2023, seeking a judgment for contributions, liquidated damages, interest, attorneys' fees, and costs.

## II.  Standard of Review

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

---

[1] Plaintiffs assert a claim for the months May 2022 through and including August 2022 in their complaint.  Plaintiffs' motion for default judgment seeks contributions through October 2022.

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Though the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party."  *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  Well-pleaded allegations are ordinarily taken as true, but the court must ensure that the plaintiff's allegations provide "a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010) (citation omitted); *Lawbaugh*, 359 F.Supp.2d at 422.

The court first determines whether the unchallenged factual allegations constitute a legitimate cause of action, and, if liability is established, the court then makes an independent determination of damages.  Fed. R. Civ. P. 55(a).  While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum."  *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16,

4

2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

Assuming the truth of the well-pleaded allegations of the complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA.  Section 502(a)(3) authorizes parties to enforce the provisions of trust agreements.  *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought:  "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan").

According to the complaint, Defendant is bound to the terms of the Agreements between it and the Council "Collective Bargaining Agreement") and is, therefore, obligated to comply with the terms of the Trust Agreements.  Based on these undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA. *See La Barbera v. Fed. Metal & Glass Corp.*, 666 F.Supp.2d 341, 348 (E.D.N.Y. 2009) (entering default judgment in favor of trustees where the complaint alleged that an employer refused to submit an audit despite being contractually bound to do so by a CBA and trust agreement); *see also National Elec. Ben. Fund v. AC-DC Elec., Inc.*, Civ. No. DKC 11-0893, 2011 WL 6153022 (D.Md. Dec. 9, 2011).

### III. Analysis

#### A. Unpaid Amounts Owed to Plaintiffs based on Contribution Reports submitted

The Plaintiffs are entitled to enforce the terms of the Collective Bargaining Agreements pursuant to Sections 515 and 502(g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1145 and 1132(g). *See Laborers Health & Welfare Trust Fund v. Adv. Lightweight Concrete Co.*, 484 U.S. 539, 546-47 (1988) (explaining the legislative intent when adding Sections 515 and 502(g) to ERISA). It is the responsibility of employers, such as Defendant, to submit timely Contribution Reports with accurate information. *Board of Trs. Of the Sheet Metal Workers' Nat'l Pension Fund v. D'Elia*, 17 F. Supp. 2d 511, 517 (E.D. Va. 1998); *see Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 342-43 (D.C. Cir. 1991).

Defendant submitted monthly contribution reports for November 2021 through May 2022 reporting that the following was owed but not paid (ECF No. 16-3 at 89):

```
Pension:                                          $74,335.39
Health & Welfare:                                  63,188.70
Annuity                                            29,015.21
Training                                            6447.84
International Training:                             1418.53
Construction Industry Advancement Program:           773.75
Carpenters Contractor Trust                        1,289.58
Union Dues to Council                             25,820.48

TOTAL                                             202,289.48
```

Reports and contribution payments were due by the 25th of each month following the work.  Although contribution reports were filed, contribution payments were not received during this time period.

### B. Unpaid Amounts Owed to Plaintiff Benefit Funds based on averaged/projected monthly contributions

Plaintiffs assert an ERISA claim against Defendant for unpaid contributions for covered employees between June 2022 and October 2022.  Pursuant to Article VI, Section 7, of the Second Restated Agreement and Declaration of Trust of the Mid-Atlantic Regional Council of Carpenters' Pension Fund (ECF No. 16-3 at 14), Health Fund, (ECF No. 16-3, pp. 20, 21), Annuity Fund, (ECF No. 16-3 at 27), and Training Centers, (ECF No. 16-3 at 34, 35), the Trustees projected the delinquency for each month that reports were not submitted based on the average of the monthly reports submitted for the prior three months.  The Council and Industry Fund Plaintiffs (the Construction Industry Advancement Program, the Carpenters Contractor Trust Fund, and the United Brotherhood of Carpenters International Training Center Fund) may not estimate the contributions owed.  Thus, the Industry Fund Plaintiffs and Council seek to dismiss Count Two of the complaint without prejudice as to them.  Omitting the Industry Fund Plaintiffs and Council, the averaged monthly contribution for is March, April, and May 2022 is $37,962.71.  Thus, Plaintiff Benefit Funds contend

7

that Defendant owes them $189,813.53 representing the averaged monthly contribution for June, July, August, September, and October 2022.

Thus, in addition to the amounts owed Plaintiffs based on contribution reports, Plaintiffs request, and will be awarded, $392,102.97 in unpaid contributions, calculated as follows:

```
 172,987.11    Benefit Funds (Nov. 2021 through May 2022)
 189,813.53    Benefit Funds (June 2022 through Oct. 2022)
   3,481.83    Industry Funds (Nov. 2021 through May 2022)
  25,820.47    Union (Nov. 2021 through May 2022)
$392,102.94
```

**C.  Liquidated Damages and Interest**

   i.  **Benefit Fund Plaintiffs**

The Benefit Fund Plaintiffs seek $44,352.51 in interest through July 21, 2023, and $36,280.06 in liquidated damages. The Mid-Atlantic Regional Council of Carpenters Funds Delinquent Contributions Collection and Audit Procedure provides that payments and the required reporting forms are to be postmarked on or before the 25th day following the end of each calendar month. Employers whose reports and contributions are not postmarked on or before the 25th are considered delinquent. (ECF No. 16-3 at 60). "An employer who fails to pay the amounts required by the collective bargaining agreement on time shall be obligated to pay liquidated damages and interest." (ECF No. 16-3 at 64).

The Benefit Fund Plaintiffs' Trust Agreements provide that liquidated damages will be assessed at the rate of ten percent of

8

the contributions owed.  (ECF No. 16-3, p. 33).  The application of ten percent in liquidated damages on the contributions owed to the Benefit Fund Plaintiffs results in $36,280.06.

Thus, the Benefit Plaintiffs will be awarded $44,352.51 in interest calculated through July 21, 2023, and $36,280.06 in liquidated damages.

### ii.  CIAP and the Industry Funds

The Agreement between the Eastern Atlantic States Regional Council of Carpenters and the United Brotherhood of Carpenters and Joiners of America authorizes the CIAP to impose ten-percent (10%) liquidated damages on delinquent contributions if payments are not made by the fifteenth (15th) day of the month next succeeding the month for which it is payable and Plaintiff ITC Fund to collect twenty percent (20%).  (ECF No. 16-3 at 40, 51).  The delinquent contributions owed to CIAP are $773.75 and $1,418.53 is owed to the ITC Fund.  Thus, the requested amounts of $77.37 to CIAP and $283.70 to the ITC Fund will be assessed as liquidated damages.

Plaintiffs CIAP and the ITC Fund are authorized to collect one and one-half percent (1-1/2%) interest on the amount of payment due until paid (ECF No. 16-3, pp. 40 and 51).  Plaintiffs have calculated interest owed at $776.77 through July 21, 2023, and the record supports the award of interest to Plaintiffs CIAP and the ITC Fund of $776.77.

9

Liquidated damages of $36,280.06 will be awarded to the Benefit Funds, $283.70 to the ITC Fund, and $77.38 to CIAP. Interest of $44,352.51 will be awarded to the Benefit Funds and $776.77 to CIAP and the ITC Fund through July 21, 2023. Liquidated damages and interest are not applied to the contributions owed the Contractor Trust and Council for the months of June 2022 through October 2022.

### D. Attorneys' Fees and Court Costs

Plaintiffs seek $5,932.50 in attorneys' fees. In support of this request, Plaintiffs submit the Declaration of Jennifer R. Simon regarding attorneys' fees and costs (ECF No. 16-3 at 106-108). Exhibit 1 shows the hours billed by Plaintiffs' counsel and a law clerk. It indicates that the firm spent 22.5 hours on this case on behalf of the Plaintiffs.

The attorneys' fees as summarized by Plaintiffs' attorneys were calculated at the rate of $285/hour for both Jennifer R. Simon and Jacob N. Szewczyk, at $225/hour for Alexa Zogopoulos, and at $150/hour for law clerk Grace Austin. The sum requested is consistent with the rates suggested in the court's Local Rules and Plaintiffs will be awarded $5,932.50 for attorneys' fees.

### E. Costs

Plaintiffs seek $1,152 in costs. In support of this request, Plaintiffs state that in addition to the $402 filing fee to commence this action, $750 was spent for service of process on

Defendant.  The record supports this requested amount, and $1,152 in costs will be awarded to Plaintiffs.

**IV.  Industry Fund Plaintiffs and Council**

Plaintiffs seek to dismiss, without prejudice, Count Two of the complaint with respect to the estimated amounts owed to Plaintiffs Council and the Contractor Trust.  Neither have the contractual authority to estimate contributions owed when an employer has not submitted contribution reports.  Thus, the court will dismiss, without prejudice, Count Two of the complaint solely with respect to estimated unpaid contributions and damages for June 2022 through October 2022 as to Plaintiffs Council and the Contractor Trust.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion for entry of default will be granted and Count Two will be dismissed without prejudice as to Plaintiffs Council and the Contractor Trust.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge